## YOUNG *v.* THE STATE.

LUMPKIN, J. The act of August 15, 1903 (Acts 1903, p. 90), entitled "An act to make it illegal for any person to procure money, or other thing of value, on a contract to perform services with intent to defraud, and to fix the punishment therefor, and for other purposes," has reference to

contracts for services where the relation of hirer and person hired exists. It has no application where persons occupy the relation of landlord and tenant; nor is the tenant subject to prosecution under that act although, as a part of the contract of rental, he agrees to clear up certain land. *Townsend* v. *State*, ante, 69.

*Judgment reversed. All the Justices concur.*

Submitted January 15,—Decided February 15, 1906.

Indictment for misdemeanor. Before Judge Little. Chattahoochee superior court. December 2, 1905.

The accused was convicted upon an indictment charging him with a violation of the statute referred to in the headnote, and moved for a new trial, which was refused, and he excepted. The evidence showed that the prosecutor, W. P. Daniel, entered into a contract with him by which Daniel rented to him, for the year 1905, twenty acres of old land and ten acres of fresh land, for four hundred and fifty pounds of lint cotton. It was agreed that the accused was to clear the ten acres of fresh land, and that Daniel was to furnish him $35 and some guano. Daniel furnished him $25 in money, and $36 worth of guano. The accused worked until April 26, when he and Daniel had a misunderstanding; whereupon the accused left his mule standing in the field and went to his house, saying he would not plow another furrow. Daniel went later to the house and told the wife of the accused to tell him to get off his place, and the accused moved. On being recalled, in reply to the statement of the accused, Daniel testified that he left word with the wife of the accused to leave the place if he was not going to work.

*S. T. Pinkston,* for plaintiff in error.

*S. P. Gilbert, solicitor-general,* contra.